UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| JEFFREY R. BUCKLEY, | ) |
| | ) |
| Plaintiff, | ) |
| v. | )   1:08-cv-877-TWP-DML |
| | ) |
| DETECTIVE WILLIAM ROGERS, et al., | ) |
| | ) |
| Defendants. | ) |

**Entry Discussing Motion for Summary Judgment**

For the reasons explained in this Entry, the defendants' motion for summary judgment must be **granted.**

**Discussion**

The plaintiff in this civil rights action is Jeff Buckley. The defendants are associated with the Indianapolis Marion County Police Department ("IMPD") and are the following:

> Detective William Rogers' ("Rogers")
> Officer Hal Gruden ("Gruden")
> Lt. Donald Weilhamer ("Weilhamer")
> Crime Lab Technician Michael Kouns ("Kouns")

In addition to the defendants, Detective Breedlove and Detective Buckner played a role in the events forming the basis of Buckley's claims.

As noted, the defendants seek resolution of Buckley's claims through the entry of summary judgment. "As stated by the Supreme Court, summary judgment is not a disfavored procedural shortcut, but rather is an integral part of the federal rules as a whole, which are designed to secure the just, speedy, and inexpensive determination of every action." *Harney v. Speedway SuperAmerica, LLC*, 526 F.3d 1099, 1103 (7th Cir. 2008) (citations omitted). The question presented by the motion for summary judgment is whether, based on the evidence of record, there is any material dispute of fact that requires a trial. *Payne v. Pauley,* 337 F.3d 767, 770 (7th Cir. 2003).

The motion for summary judgment, as with any such motion, must be granted if "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Scott v. Edinburg,* 346 F.3d 752, 755 (7th Cir. 2003) (quoting **FED.R.CIV.P.** 56(c)) and citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986)). A

"material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A dispute is genuine only if a reasonable jury could find for the non-moving party. *Id.* If no reasonable jury could find for the non-moving party, then there is no "genuine" dispute. *Scott v. Harris,* 127 S. Ct. 1769, 1776 (2007).

"When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must — by affidavits or as otherwise provided in this rule — set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party." FED. R. CIV. P. 56(e)(2). The nonmoving party bears the burden of demonstrating that such a genuine issue of material fact exists. See *Harney,* 526 F.3d at 1104 (citing cases). When the moving party has met the standard of Rule 56, summary judgment is mandatory. See *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986); *Shields Enters., Inc. v. First Chicago Corp.*, 975 F.2d 1290, 1294 (7th Cir. 1992).

Buckley has not opposed the motion for summary judgment. His failure to do so concedes the defendants' version of the facts to the extent they are supported by admissible evidence. This is the consequence of Local Rule 56.1(e). *See, e.g., Greer v. Bd. of Educ., of the City of Chicago,* 267 F.3d 723, 727 (7th Cir. 2001); *Members v. Paige,* 140 F.3d 699, 702 (7th Cir. 1998)(stating that procedural rules "apply to uncounseled litigants and must be enforced").

Buckley's claims are asserted pursuant to 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege that (1) he was deprived of a right secured by the Constitution or laws of the United States, and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros., Inc. v. Brooks,* 436 U.S. 149, 155-56 (1978). Without personal liability, there can be no recovery under 42 U.S.C. § 1983. *Burks v. Raemisch,* 555 F.3d 592, 593-94 (7th Cir. 2009) ("Section 1983 does not establish a system of vicarious responsibility. Liability depends on each defendant's knowledge and actions, not on the knowledge or actions of persons they supervise. . . . *Monell's* rule [is that] that public employees are responsible for their own misdeeds but not for anyone else's.")(citing *Monell v. New York City Dep't of Social Services,* 436 U.S. 658 (1978)).

"Section 1983 is not itself a source of substantive rights; instead it is a means for vindicating federal rights elsewhere conferred." *Ledford v. Sullivan,* 105 F.3d 354, 356 (7th Cir. 1997) (citing *Baker v. McCollan*, 443 U.S. 137, 144, n.3 (1979)). Accordingly, "the first step in any [§ 1983] claim is to identify the specific constitutional right infringed." *Albright v. Oliver,* 510 U.S. 266, 271 (1994). As the result of prior proceedings, the only claims remaining are those asserted pursuant to the Fourth and Fourteenth Amendments.

By way of background, there was a fatal shooting in Indianapolis on August 5, 2006. Rogers was the lead detective for the homicide investigation that followed. On August 6, 2006, Buckley became a person of interest in that investigation. Early on the morning of August 7, 2006, Buckley's residence and vehicle were observed by Officer Gruden and other IMPD personnel. While continuing to conduct surveillance on the now-moving vehicle, Gruden, who was in plain clothes and an unmarked vehicle, observed traffic infractions and called for the assistance of a marked unit to initiate a traffic stop. Defendant Weilhamer, in

full uniform and a marked vehicle, responded and initiated the traffic stop on Buckley's vehicle. Buckley was detained at the scene of the traffic stop for 10 to 15 minutes while officers confirmed his identification and checked his vehicle registration, as well as awaiting the arrival of robbery-homicide detectives who wished to speak with Buckley.

Detectives Breedlove and Buckner arrived on the scene of the traffic stop, had Buckley exit his vehicle, patted him down, handcuffed him at some point, and transported him to an interview room at the robbery-homicide offices. Buckley's vehicle was then towed from the scene of the traffic stop to a secure facility.

While these events were transpiring at the scene of the traffic stop, Rogers sought and obtained three search warrants from a Marion County judge. Once Rogers had the signed search warrants, he returned to the robbery-homicide office and attempted to interview Buckley, with Lt. Boomershine present. Buckley invoked his right to counsel at the completion of being read his Miranda rights. Rogers thereafter executed the search warrants with Kouns' assistance. In the course of doing so, Kouns located a handgun in the center console of Buckley's vehicle. Kouns immediately informed Rogers that he had located a firearm. The search of Buckley's vehicle took place at 3:40 p.m.

Upon being told by Kouns that there was a handgun in the center console of Buckley's vehicle, Rogers determined he had probable cause to arrest Buckley for violation of IND. CODE § 37-47-2-1, Carrying a Handgun Without a License. Rogers placed Buckley under arrest around 4:00 p.m. for that offense only.

The Marion County Prosecutor charged Buckley with firearms offenses. The trial court denied Buckley's motion to suppress. The case resulted in a hung jury. Upon retrial in July 2007, Buckley was found guilty. Buckley appealed, claiming that the handgun was discovered as the result of an unconstitutional seizure under both article 1, section 11 of the Indiana Constitution and the Fourth Amendment to the Constitution of the United States. He prevailed as to the former claim. *Buckley v. State,* 886 N.E.2d 10 (Ind.Ct.App. 2008). The Court of Appeals upheld the traffic stop and short detention until Breedlove and Buckner arrived on the scene, *id.,* at 15, but found was that "the police acted too hastily in seizing Buckley and Buckley's vehicle before any warrants had been issued." *Id.*, at 14.

> The actions of the detectives upon their arrival ten to fifteen minutes after the stop, however, cannot be countenanced. Without probable cause for arrest, but simply because Buckley was a homicide suspect, the detectives had him exit his vehicle, patted him down, handcuffed him at some point, transported him to police headquarters, placed him in an interview room, and towed his car from the scene to a secure facility. Buckley was then detained in the interview room for several hours without being informed that he was free to go, while Detective Rogers secured search warrants.

*Id.*, at 15. The Court of Appeals stated that the police should have "continued their undercover surveillance of Buckley until the search warrants were obtained later that morning or afternoon by Detective Rogers." *Id.,* at 16. After further analysis, it was concluded that "[t]he State did not carry its burden under article 1, section 11 of the Indiana Constitution to establish the reasonableness of its actions." *Id.*, at 16. The Indiana Court of Appeals did not reach Buckley's argument under the Fourth Amendment.

Buckley claims from the events chronicled above that the defendants violated his federal rights through malicious prosecution. This claim is a non-starter for legal, rather than factual, reasons. In *Newsome v. McCabe,* 256 F.3d 747, 751 (7th Cir. 2001), the Court of Appeals held that, in light of the Supreme Court's "effective holding" in *Albright v. Oliver,* 510 U.S. 266 (1994), malicious prosecution is not a constitutional tort if state law provides a remedy for malicious prosecution. Indiana law recognizes such a claim. *See, e.g., Butt v. McEvoy,* 669 N.E.2d 1015, 1017 (Ind.Ct.App. 1996)(claim for malicious prosecution requires proof that defendant instituted proceedings against plaintiff, defendant acted with malice in doing so, prosecution was initiated without probable cause and prosecution terminated in plaintiff's favor). No action lies under § 1983 unless a plaintiff has asserted the violation of a federal right. *See Middlesex County Sewerage Auth. v. Nat'l Sea Clammers Ass'n,* 453 U.S. 1, 19 (1981); *Juriss v. McGowan*, 957 F.2d 345, 349 n.1 (7th Cir. 1992) (without a predicate constitutional violation one cannot make out a *prima facie* case under § 1983). Such a right is absent here relating to Buckley's prosecution, and this his malicious prosecution claim is not cognizable under § 1983.

Buckley alleges that the defendants violated the Fourth Amendment. The Fourth Amendment protects against unreasonable searches and seizures. "Reasonableness" under the Fourth Amendment, and thus, the constitutionality of a warrantless arrest, requires the existence of probable cause to make an arrest. A law enforcement officer has probable cause to arrest a suspect "when the totality of the facts and circumstances within his knowledge and of which he has reasonably trustworthy information is sufficient to warrant a prudent person in believing the suspect committed or was committing an offense." *Marshall v. Teske,* 284 F.3d 765, 770 (7th Cir. 2002).

"It is well-established that an arrest without probable cause violates the Fourth Amendment." *Fox v. Hayes* 600 F.3d 819, 832 (7th Cir. 2010)(citing *Devenpeck v. Alford,* 543 U.S. 146, 152 (2004)). The only seizure of Buckley which occurred connected with the events involved in this case which could arguably be thought improper consisted of the action of Detectives Breedlove and Buckley in taking Buckley into custody at the conclusion of the traffic stop.[1] Detectives Breedlove and Buckley are not defendants in this case. Any arguable violation of Buckley's Fourth Amendment rights by Detectives Breedlove and Buckley cannot be imputed to any of the defendants, because It takes more than proximity to wrongdoing to support liability in a civil rights action. *Hessel v. O'Hearn*, 977 F.2d 299, 305 (7th Cir. 1992).

Buckley claims that the search of his vehicle violated the Fourth Amendment. As described, however, this search was conducted by Kouns and Rogers pursuant to a judicially-issued search warrant. These defendants misplaced argument that they are entitled to quasi-judicial immunity in executing the search warrant is **rejected.** *Irwin v. City of Lawrenceburg, Indiana*, 2010 WL 779490, *7 (S.D.Ind. 2010)("an officer's conduct in carrying out a search warrant is always subject to judicial review for unreasonableness")

---

[1] Detective Rogers arrested Buckley at approximately 4:00 p.m. for a different offense and only after the handgun had been found during a search of Buckley's vehicle. As such, Rogers' arrest of Buckley at 4:00 p.m. was based on probable cause. The defendants are correct in asserting that there is no evidence that Rogers committed perjury or obstruction of justice at any phase of his investigation or Buckley's arrest and prosecution.

(citing *Dalia v. United States,* 441 U.S. 238, 258 (1979)). These defendants are, however, entitled to qualified immunity under the circumstances presented. *Malley v. Briggs,* 475 U.S. 335, 344-45 (1986)(explaining that officer may enjoy qualified immunity in executing defective search warrant unless he "should have known that the facts recited in the affidavit did not constitute probable cause").

Finally, Buckley claims that Kouns, a crime lab technician, committed perjury during Buckley's second trial. This is not so; instead, Kouns explained that during previous testimony he had given he had given an incorrect time for the search of Buckley's vehicle because his notes were in military time (*i.e.*, 3:40 p.m. shows as 1540) and he misread them at the first hearing. Regardless, this claim against Kouns is barred by the absolute immunity accorded to witnesses in such circumstances. *Briscoe v. LaHue,* 460 U.S. 325, 345-56 (1983).

"It is a well-settled rule that a party opposing a summary judgment motion must inform the trial judge of the reasons, legal or factual, why summary judgment should not be entered." *Liberles v. County of Cook,* 709 F.3d 1122, 1126 (7th Cir. 1983). Buckley has not made that showing in this case, and consequence of that is clear: "Summary judgment is not a discretionary remedy. If the plaintiff lacks enough evidence, summary judgment must be granted." *Jones v. Johnson*, 26 F.3d 727, 728 (7th Cir. 1994), *aff'd*, 115 S. Ct. 2151 (1995). The defendants' motion for summary judgment is granted, and judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 07/07/2010

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana